THE STATE v. RICHARD SIDDEN AND CYNTHIA CAUDLE.

*Evidence— Witness—Harmless Error.*

Upon the cross-examination of a witness introduced by the State, the defendant proposed to ask him if he had not been prompted to swear against defendants by one B., who had not been examined as a witness; the Court, upon objection, excluded the question in that form, but permitted it to be put omitting B.'s name: *Held*, that while the inquiry was unobjectionable, yet as it did not seem to be material, and it did not appear that defendants were prejudiced by its rejection, a *venire de novo* would not be granted.

Indictment for Fornication and Adultery, tried before *Gilmer, J.,* at September Term, 1889, of WILKES Superior Court.

*The Attorney General,* for the State.
No counsel *contra.*

CLARK, J.: On the cross-examination by the defendants of a witness for the State he was asked if he had not been "prompted to swear against defendants, as he had done, by one James Blivens." On objection by the Solicitor the Court excluded the question and the defendants excepted.

His Honor, in excluding the question, stated that he did not see that it was necessary to bring Blivens' name into the case, as he had not been examined as a witness nor was present at the trial, and that the Court would allow the impeaching question to be put leaving out of it Blivens' name, or in any shape defendants desired, with that exclusion. Had Blivens been examined as a witness and, to impeach him, had been asked this question, giving time and place, with a view to show his " bias or temper " towards the defendants, his reply would not come within the general rule ·that answers to impeaching and collateral questions are conclusive. In such case the defendants would have had the right to ask the witness if Blivens had not induced him to testify against them with a view to contradict Blivens as to his freedom from bias towards them. As Blivens had not been a witness we can see no purpose to be served by attacking him. No harm accrued to defendants, since the Court gave permission to put the impeaching question more broadly by asking if any one whatever had prompted the witness to swear against them. Had the impeaching question been put generally, and been as to a matter not pertinent to the case in hand, the opposing side might have insisted that defendants should specify and particularize (*State* v. *Gay,* 94 N. C., 814),

but it can be no cause of complaint by the party asking the impeaching question that he is allowed, or required, to put it thus broadly. While we can see no objection to the form of question insisted on by the defendants, they have not shown how they were or could have been prejudiced by the modified form of it required by the Court. Such matters as these must be left largely to the sound discretion of the presiding Judge. He sees the surroundings of the trial and the bearing of the witnesses on the stand and understands, better than we can do, the object and purport of the manner of the examination.

There is no other assignment of error, and the judgment must be affirmed.

Affirmed.